JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -                      :

                                    :   INDICTMENT
                                        13 Cr.   CRIM 351
JOVER NARANJO,                      :
LUPERIO NARANJO, SR.,               :

        Defendants.                 :

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 1 3 2013

COUNT ONE

The Grand Jury charges:

1. From at least in or about August 2009, up to and including in or about February 2010, in the Southern District of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 1341 of Title 18, United States Code.

2. It was a part and object of the conspiracy that JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, would and did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service and did

deposit and cause to be deposited a matter and thing to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom, such matter and thing, and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, such matter and thing, in violation of Title 18, United States Code, Section 1341.

OVERT ACTS

3.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about August 3, 2009, JOVER NARANJO, the defendant, in his capacity as President of Enviro & Demo Masters, Inc. ("Enviro"), a demolition company that he owned, executed a contract (the "August 2009 Contract") with Lettire Construction Corporation ("Lettire"), a general contractor. The August 2009 Contract was for a project, funded by the City of New York (the "City") using federal monies, to perform demolition work on a group of five buildings in New York, New York (the "Buildings" or the "Ciena Project"). Pursuant to federal law, the August 2009 Contract provided that Enviro was to pay its employees a prevailing wage pursuant to a specific wage schedule and that its wage and benefits payments were to be supported by certified payroll reports.

-2-

b.     From at least in or about August 2009, up to and including in or about February 2010, JOVER NARANJO, the defendant, submitted payroll forms for approximately thirty weekly pay periods (the "Payroll Forms") fraudulently claiming that: (i) laborers who did work on the Buildings were paid the required prevailing wage rates when, in truth and in fact, Enviro paid its employees well below the required wage rates; and/or (ii) one or more of JOVER NARANJO's relatives performed work on the Ciena Project that they did not actually perform.

c.     From at least in or about August 2009, up to and including in or about February 2010, LUPERIO NARANJO, SR., the defendant, was in charge of the day-to-day operations of Enviro at the Ciena Project and, in that role, LUPERIO NARANJO, SR. oversaw Enviro's employees' hours and the nature of the work they performed.

d.     From at least in or about August 2009, up to and including in or about February 2010, Lettire mailed certain of the Payroll Forms to an office of the New York City Department of Housing Preservation and Development ("HPD") located in New York, New York.

(Title 18, United States Code, Section 1349).

-3-

4.  From at least in or about August 2009, up to and
including in or about February 2010, in the Southern District of
New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR.,
the defendants, willfully and knowingly, having devised and
intending to devise a scheme and artifice to defraud, and for
obtaining money and property by means of false and fraudulent
pretenses, representations, and promises, and attempting to do
so, did place in a post office and authorized depository for mail
matter, a matter and thing to be sent and delivered by the Postal
Service and did deposit and cause to be deposited a matter and
thing to be sent and delivered by private and commercial
interstate carrier, and did take and receive therefrom, such
matter and thing, and did knowingly cause to be delivered by mail
and such carrier according to the direction thereon, such matter
and thing, to wit, JOVER NARANJO and LUPERIO NARANJO, SR. engaged
in a scheme to violate federal prevailing wage laws by
underpaying Enviro's employees.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT THREE

5.  From at least on or about December 3, 2009, up to
and including in or about February 2010, in the Southern District
of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO,
SR., the defendants, willfully and knowingly, did combine,

-4-

conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 1512(b) of Title 18, United States Code.

6.   It was a part and object of the conspiracy that JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly used intimidation, threatened, and corruptly attempted to persuade another person with intent to influence, delay, and prevent the testimony of another person in an official proceeding, to wit, JOVER NARANJO and LUPERIO NARANJO, SR. instructed Enviro employees at the Ciena Project to hide when United States Department of Labor ("DOL") investigators arrived and to lie to the investigators about, among other things, their pay rates, in violation of Title 18, United States Code, Section 1512(b)(1).

OVERT ACTS

7.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   Between December 3, 2009 and February 2010, LUPERIO NARANJO, SR., the defendant, instructed several employees at the Ciena Project to hide when DOL investigators arrived and to lie about their identities, work schedules, and pay rates if they were questioned by investigators.

-5-

b.   In or about February 2010, DOL investigators interviewed employees at the Ciena Project.  One employee ("Employee-1") truthfully stated his/her work hours and pay rate to the DOL.   Shortly thereafter, LUPERIO NARANJO, SR. told Employee-1, in sum and substance, that, because of Employee-1's statements to the DOL, Enviro no longer wanted Employee-1 to work on the Ciena Project.  Therafter, in or about February 2010, JOVER NARANJO, the defendant, instructed Employee-1 to recant his/her statement to the DOL.

(Title 18, United States Code, Section 371.)

### COUNT FOUR

8.   From at least on or about December 3, 2009, up to and including in or about February 2010, in the Southern District of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly used intimidation, threatened, and corruptly attempted to persuade another person with intent to influence, delay, and prevent the testimony of another person in an official proceeding, to wit, JOVER NARANJO and LUPERIO NARANJO, SR. instructed employees for Enviro to misrepresent their work schedules, pay rates, and identities to the DOL after JOVER NARANJO and LUPERIO NARANJO, SR. were aware that Enviro was under investigation for wage and hour violations.

(Title 18, United States Code, Sections 1512(b)(1) and 2.)

## FORRFEITURE ALLEGATION

9.  As a result of committing the offenses alleged in Counts One and Two of this Indictment, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real and personal, constituting or derived from proceeds traceable to the offenses alleged in Counts One and Two of this Indictment.

## SUBSTITUTE ASSET PROVISION

10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

-7-

§ 981, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Section 981; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)


_Kathleen Purvis_
FOREPERSON

_Preet Bharara_
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

=================================

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

=================================

**UNITED STATES OF AMERICA**

**- v. -**

**JOVER NARANJO**
**LUPERIO NARANJO, SR.**

**Defendants.**

=================================

**INDICTMENT**

13 Cr._____

(18 U.S.C. §§ 371, 1341, 1349, 1512(b)(1), 2)

<u>PREET BHARARA</u>
United States Attorney.

**A TRUE BILL**

Foreperson.

*Kathleen Sucich*

5/13/13.
dc.    Filed Indictment.
Case assigned to Judge Sweet.
Judge Maas
U.S.M.J.