ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

     - v. - :

JOVER NARANJO, and :
LUPERIO NARANJO, SR.,

             Defendants. :

- - - - - - - - - - - - - - - - - - x

**SUPERSEDING INDICTMENT**

S1 13 Cr. 351 (JSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 1 0 2013

COUNT ONE

The Grand Jury charges:

1. From at least in or about August 2009, up to and including in or about February 2010, in the Southern District of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to violate Section 1341 of Title 18, United States Code.

2. It was a part and object of the conspiracy that JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, would and did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service and would and did deposit and cause to be deposited a matter and thing to be sent and

delivered by private and commercial interstate carrier, and would and did take and receive therefrom, such matter and thing, and would and did knowingly cause to be delivered by mail and such carrier according to the direction thereon such matter and thing, in violation of Title 18, United States Code, Section 1341.

OVERT ACTS

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

  a. On or about August 3, 2009, JOVER NARANJO, the defendant, in his capacity as President of Enviro & Demo Masters, Inc. ("Enviro"), a demolition company that he owned, executed a contract (the "August 2009 Contract") with Lettire Construction Corporation ("Lettire"), a general contractor. The August 2009 Contract was for a project, funded by the City of New York (the "City") using federal monies, to perform demolition work on a group of five buildings in New York, New York (the "Buildings" or the "Ciena Project"). Pursuant to federal law, the August 2009 Contract provided that Enviro was to pay its employees a prevailing wage pursuant to a specific wage schedule and that its wage and benefits payments were to be supported by certified payroll reports.

  b. From at least in or about August 2009, up to and including in or about February 2010, JOVER NARANJO, the

defendant, submitted certified payroll reports for approximately thirty weekly pay periods (the "Certified Payroll Reports") fraudulently claiming that: (i) laborers who did work on the Buildings were paid the required prevailing wage rates when, in truth and in fact, Enviro paid its employees well below the required wage rates; and/or (ii) one or more of JOVER NARANJO's friends or relatives performed work on the Ciena Project that they did not actually perform.

c. From at least in or about August 2009, up to and including in or about February 2010, LUPERIO NARANJO, SR., the defendant, was in charge of the day-to-day operations of Enviro at the Ciena Project and, in that role, LUPERIO NARANJO, SR. oversaw Enviro's employees' hours and the nature of the work they performed.

d. From at least in or about August 2009, up to and including in or about February 2010, JOVER NARANJO and LUPERIO NARANJO, SR., caused certain Certified Payroll Reports to be mailed from Lettire to an office of the New York City Department of Housing Preservation and Development ("HPD") located in New York, New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

The Grand Jury further charges:

4. From at least in or about August 2009, up to and

3

including in or about February 2010, in the Southern District of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service and did deposit and cause to be deposited a matter and thing to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom, such matter and thing, and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, such matter and thing, to wit, JOVER NARANJO and LUPERIO NARANJO, SR. engaged in a scheme to violate federal prevailing wage laws by underpaying Enviro's employees and caused the mailing of certain of the Certified Payroll Reports to HPD in New York, New York.

(Title 18, United States Code, Sections 1341 and 2.)

COUNT THREE

The Grand Jury further charges:

5. From at least on or about December 3, 2009, up to and including in or about February 2010, in the Southern District of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly, did combine, conspire,

4

confederate, and agree together and with each other to violate Section 1512(b) of Title 18, United States Code.

6. It was a part and object of the conspiracy that JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly would and did use intimidation, threaten, and corruptly persuade, and attempted to do so, and engaged in misleading conduct toward another person, with intent to influence, delay, and prevent the testimony of another person in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(1).

OVERT ACTS

7. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. Between December 3, 2009 and February 2010, LUPERIO NARANJO, SR., the defendant, instructed at least one employee at the Ciena Project to hide when DOL investigators arrived and to lie about his/her identity, work schedule, and pay rate if questioned by investigators.

b. In or about February 2010, DOL investigators interviewed employees at the Ciena Project. One employee ("Employee-1") truthfully stated his/her work hours and pay rate to the DOL. Shortly thereafter, LUPERIO NARANJO, SR. told Employee-1, in sum and substance, that, because of Employee-1's statements to

5

the DOL, Enviro no longer wanted Employee-1 to work on the Ciena Project. Thereafter, in or about February 2010, JOVER NARANJO, the defendant, instructed Employee-1 to recant his/her statement to the DOL.

(Title 18, United States Code, Section 1512(k).)

COUNT FOUR

The Grand Jury further charges:

8. From at least on or about December 3, 2009, up to and including in or about February 2010, in the Southern District of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, willfully and knowingly used intimidation, threatened, and corruptly persuaded another person, and attempted to do so, and engaged in misleading conduct toward another person, with intent to influence, delay, and prevent the testimony of another person in an official proceeding, to wit, JOVER NARANJO and LUPERIO NARANJO, SR. instructed Enviro employees to misrepresent their work schedules, pay rates, and identities to the DOL after JOVER NARANJO and LUPERIO NARANJO, SR. were aware that Enviro was under investigation for wage and hour violations.

(Title 18, United States Code, Sections 1512(b)(1) and 2.)

COUNT FIVE

The Grand Jury further charges:

9. From at least in or about August 2009, up to and including in or about February 2010, in the Southern District of

6

New York and elsewhere, JOVER NARANJO, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly, did falsify, conceal, and cover up by trick, scheme, and device a material fact and did make materially false, fictitious, and fraudulent statements and representations, and did make and use a false writing and document knowing the same to contain materially false fictitious, and fraudulent statements and entries, to wit, in a matter within the jurisdiction of the DOL, NARANJO submitted and caused to be submitted to HPD false Certified Payroll Reports that misrepresented the identities of certain employees working on the Ciena Project, the hours employees worked, and the wages employees were paid.

(Title 18, United States Code, Sections 1001 and 2.)

## COUNT SIX

The Grand Jury further charges:

10. From at least in or about August 2009, up to and including in or about February 2010, in the Southern District of New York and elsewhere, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the violations charged in Counts One, Two, and Five of this Indictment, willfully and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, to

7

wit, JOVER NARANJO and LUPERIO NARANJO, SR. caused at least one Enviro employee to use the name of another person without lawful authority on an identification card to access the Ciena Project job site, caused at least one other Enviro employee to use the name of another person without lawful authority at the Ciena Project job site, and caused the name of at least one person to be listed without lawful authority on a Certified Payroll Report that was submitted to HPD.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## FORRFEITURE ALLEGATION

11. As a result of committing the offenses alleged in Counts One and Two of this Indictment, JOVER NARANJO and LUPERIO NARANJO, SR., the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real and personal, constituting or derived from proceeds traceable to the offenses alleged in Counts One and Two of this Indictment.

## SUBSTITUTE ASSET PROVISION

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited

with, a third person;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

  (Title 18, United States Code, Section 981; Title 21, United
  States Code, Section 853; and Title 28, United States Code,
        Section 2461.)

_____  _____
FOREPERSON          PREET BHARARA
               United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**JOVER NARANJO, and
LUPERIO NARANJO, SR.,**

Defendants.

**SUPERSEDING
INDICTMENT**

S1 13 Cr. 351 (JSR)

18 U.S.C. §§ 1349, 1341, 1512, 1001, 1028A, 2

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

Sept 16, 2013 indictment filed. A. Peck, USMJ