**EPSTEIN & WEIL LLC**
ATTORNEYS AT LAW                                                                                         (212) 732-4888

225 Broadway                                                                                              LLOYD EPSTEIN
New York, NY 10007                                                                                        JUDITH H. WEIL

July 16, 2014

**VIA ECF and Regular Mail**
Hon. Jed S. Rakoff
United States District Judge
500 Pearl Street
New York, NY 10007

           Re: United States v. Jover Naranjo, et al.
             Dkt. No. 13-CR-351
             Restitution and Forfeiture

Dear Judge Rakoff:

   We are writing to request an extension of time to seek reconsideration of your July 6, 2014 order rejecting the Naranjos' objections to the government's Preliminary Orders of Forfeiture/Money Judgment. Pursuant to Local Rule 6.3, a motion for reconsideration must be made within 14 days after entry of the order for which reconsideration is being sought, and this request is being made within that time.

   Although we promptly mailed a copy of the Court's decision to Jover Naranjo ("Jover"), we have not been able to discuss it with him, or to discuss whether he wishes us to move for reconsideration. Although Jover is a naturalized U.S. citizen, he has been incarcerated since June 2nd at the Moshannon Valley Correctional Center ("MVCC"), a facility designated to house inmates facing deportation. While at MVCC, Jover has not had access to electronic correspondence and has had very limited opportunities to communicate with counsel. We have been actively seeking his transfer, and were informed yesterday morning in a call to DHS-ICE-DRO[1] in Allenwood, that ICE has confirmed that it has no authority over Jover. Once ICE has communicated this to MVCC, Jover should be transferred to a facility where he will be able to more easily and frequently communicate with us and inform us of new or additional information that might affect the Court's reconsideration of these matters. We do not know when Jover will be transferred. As I will be out of the country on vacation between July 27 and August 11, we respectfully request that our time to file a motion for reconsideration be extended to August 20, 2014.

   We contemplate several grounds for seeking reconsideration of that part of the

---

  [1] DRO is the Department of Homeland Security's Detention and Removal section.

Hon. Jed S. Rakoff
July 16, 2014
Page 2

Court's order that denied, without a hearing, Jover's request that the forfeiture amount be reduced in the amount of the direct costs that Enviro expended to provide lawful demolition services. See, 18 U.S.C. § 981 (a) (2) (B). The record contains significant, apparently uncontested, evidence that the Court appears to have overlooked, and that, upon reconsideration, might reasonably be expected to alter the conclusion reached by the court. *In re BDC, 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003), *Virgin Ad. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)(reconsideration to correct a clear error).

In holding that the Naranjos failed to substantiate their contention that Enviro paid additional wages on the E. 100th Street project between February 10 and May 23, 2010, the Court apparently overlooked clearly competent evidence from uninterested sources. The record before the Court included not only Enviro's payroll records but included the sworn testimony of Agent LaCroix, who examined those very payroll records and found no basis for concluding that any underpayments were made during that period. HPD's records document that Enviro continued its demolition project after February 10, 2010. The Naranjos' submission included a letter from an attorney representing HPD concerning a complaint filed by Eric Ruiz, an Enviro worker who sought damages for an injury which he sustained while working for Enviro on the E. 100th Street project on April 8, 2010 - evidence from a disinterested party corroborating that Enviro was working on the 100th Street demolition project in April 2010. The Naranjos' submission also included carting and demolition bills for debris that Enviro paid Yankee to haul to recycling dumps from the 100th Street site continually until May 24, 2010. All these independent sources establish that Enviro was working on the E. 100th Street demolition project, and paying wages.

To the extent that the Court sought additional sworn testimony as to amount, payees, etc. of the wages paid during this period, the Court should have directed a hearing on that issue and not ignored competent evidence from multiple sources attesting to Enviro's continued wage expenditures after February 10, 2010. If work was done, as HPD, Agent LaCroix, and others attested, wages had to be paid. Those wages constitute a direct cost and are not proceeds subject to forfeiture.

The direct costs of the demolition project included not only workers' wages, but necessarily carting and haulage costs for removal of the debris, and dumping costs for debris that was hauled away. Enviro submitted detailed third party dumping invoices for debris removed from the 100th Street demolition site. Because those invoices were directed to and paid by Yankee, an Enviro affiliate, before being passed on to Enviro, the Court refused to consider those expenses as "direct costs" under 18 U.S.C. § 981 (a) (2) (B), in the absence of checks from Enviro to Yankee. There can be no question that expenses for haulage and dumping were direct costs to Enviro of the 100th Street project -

Hon. Jed S. Rakoff
July 16, 2014
Page 3

whether they were paid in the first instance by Enviro or by Yankee.

    The Court voiced concern that Mr. Naranjo's submission failed to include proof of payment from Enviro to Yankee of the numerous carting and dumping invoices detailed to the Court. Mr. Naranjo may be aware of more direct evidence of Enviro's payments to Yankee, but it has been extraordinarily difficult for counsel to communicate with him or obtain any information from him.

    For the foregoing reasons, we respectfully request that the Court extend until August 20, 2014, Mr. Naranjo's time to file a motion for reconsideration.

                                                Respectfully submitted,

                                                Lloyd Epstein
                                                Judith H. Weil

cc.  AUSA Brian A. Jacobs
     John M. Burke, Esq.
     (Via ECF)

     Mr. Jover Naranjo